UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUELINA PEREZ, on behalf of herself and all others similarly situated,<br><br>                        *Plaintiff*,<br>     v.<br><br>PINO GROCERY CORP. and FEDERICO DE LA ROSA a/k/a FEDERICO DELAROSA,<br><br>                        *Defendants*. | Civil Action No.<br><br>**FLSA COLLECTIVE ACTION <u>COMPLAINT</u>**<br><br>**Jury Trial Demanded** |

Plaintiff MIGUELINA PEREZ, by and through her attorneys, on behalf of herself and on behalf of all others similarly situated, alleges, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff MIGUELINA PEREZ, (referred to herein as "Plaintiff") was employed as a full-time restaurant worker by Defendants PINO GROCERY CORP. and FEDERICO DE LA ROSA, a/k/a FEDERICO DELAROSA (referred to herein as "Defendants").

2. Although Plaintiff and others similarly situated often worked as many as forty-seven hours in a workweek, or more, Defendants failed to pay overtime premiums for all hours worked in excess of forty hours in a workweek at one and one-half (1-1/2) times the regular rate of pay.

3. Defendants' unlawful practices, in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and applicable regulations include, but are not limited to, their failure to pay Plaintiff and others similarly situated wages due for work performed and overtime at no less than one and one-half (1-1/2) times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

4. On behalf of herself and others similarly situated, Plaintiff seeks unpaid wages, liquidated damages, pre-and post-judgment interest, and reasonable attorneys' fees and costs.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over Plaintiff's Fair Labor Standard Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has jurisdiction over Plaintiff's New York Labor Law claims pursuant to 28 U.S.C. § 1367, in that they arise out of the same set of operative facts and are so related to Plaintiff's FLSA claims that they form part of the same case or controversy.

7. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district in that Plaintiff was employed to work in Queens County in the State of New York.

**PARTIES**

8. Plaintiff Perez is an individual residing in Queens County in the State of New York. Plaintiff Perez was hired by Defendants in November 2016 and continued to work for them until March 12, 2017.

9. Defendant PINO GROCERY CORP. is a New York Corporation with its principal place of business located at 37-27 108th Street, Corona, New York.

10. Defendant FEDERICO DE LA ROSA, a/k/a FEDERICO DELAROSA is the owner, president, manager, and/or operator of Defendant Pino Grocery Corp. Defendant FEDERICO DE LA ROSA a/k/a FEDERICO DELAROSA has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff and the FLSA Collective Action Members.

11. At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

12. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of §3(r) & (s) of the FLSA, 29 U.S.C. §203 (r) & (s).

13. At all times relevant hereto, Defendants employed employees, including Plaintiff and the FLSA Collective Action Members, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of §3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

14. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings the First Cause of Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and others similarly situated (the "FLSA Collective Action Members"), which shall include:

> All persons who work or worked for Defendants as non-exempt restaurant employees at any time beginning three years prior to the filing of the original Complaint in this case through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Collective Period").

16. At all relevant times, Plaintiff and the FLSA Collective Action Members have had substantially similar job requirements, job duties, and pay provisions, and have been subject to Defendants' decisions, policies, plans, practices, procedures, routines, and rules to willfully fail and

refuse to pay them overtime at the rate of one and one-half times their regularly rate of pay for all hours worked in excess of forty in a workweek.

17. The claims of the Plaintiff are essentially the same as those of the other FLSA Collective Action Members.

18. Other FLSA Collective Action Members currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide the FLSA Collective Action Members with notice of the action and allow them to opt in to such an action if they so choose.

19. The First Cause of Action is properly brought under, and maintained as an opt-in collective action pursuant to, §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Action Members are readily ascertainable. For purpose of notice and other purposes related to this action, their names and contact information are readily available on records that Defendants are legally required to maintain.

## SUBSTANTIVE ALLEGATIONS

20. Defendants own, operate and manage a restaurant in New York City. At all relevant times, Defendants employed the Plaintiff and the FLSA Collective Action Members to work as restaurant workers.

21. The Plaintiff's job duties included all aspects of kitchen duties, including preparing breakfast and lunch foods, washing dishes, and various other miscellaneous kitchen-related duties.

22. The Plaintiff and the FLSA Collective Action Members are and were non-exempt employees under the FLSA or the NYLL.

23. Throughout her employment with Defendants, Plaintiff regularly worked more than forty hours per week.

24. Plaintiff and the FLSA Collective Action Members each worked nine and a half hours a day. Defendants generally scheduled Plaintiff and the FLSA Collective Action Members to work from 7:30 a.m. through 5:00 p.m., Monday through Friday.

25. Defendants paid the FLSA Collective Action Members at a flat rate of pay. For example, Defendants paid Plaintiff $330 per each five-day workweek.

26. Plaintiff and the FLSA Collective Action Members were so busy that they did not take time off for lunch. Plaintiff ate lunch during her work shift.

27. Defendants failed to pay Plaintiff and the FLSA Collective Action Members overtime premiums of one and one-half (1-1/2) times their regular rate of pay for all of hours that they worked in excess of forty in a workweek.

28. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and the FLSA Collective Action Members were not paid overtime premiums for all hours worked in excess of forty hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and that it violated the FLSA and the NYLL.

29. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Action Members.

## FIRST CAUSE OF ACTION
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Action Members)**

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

31. During the FLSA Collective Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

32. During the FLSA Collective Period, Plaintiff and others similarly situated were employed by Defendants' enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b), 206, and 207.

33. During the FLSA Collective Period, Defendants have been, and continue to be, "employers" and/or joint employers engaged in interstate "commerce" and/or the production or sale of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

34. During the FLSA Collective Period, Defendants' business had annual gross revenues in excess of $500,000.

35. Plaintiff consented in writing to be a party to this action pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto as Exhibit A and incorporated by reference herein.

36. Defendants were required to properly pay Plaintiff and others similarly situated overtime wages at the rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours in a workweek.

37. During the FLSA Collective Period, Defendants violated the FLSA by failing to pay overtime premiums to the Plaintiff and the FLSA Collective Action Members, thereby violating the overtime requirements of the FLSA.

38. Defendants have willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff and others similarly situated for all hours worked and failing to pay Plaintiff and others similarly situated overtime at not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

39. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

40. As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied pay for all of their hours worked and by being denied overtime wages in amounts to be determined at trial and are entitled to recovery of such amounts, an equal additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**(Failure to Pay Wages and Overtime Wages – NYLL,**
**Brought by Plaintiff on Behalf of Herself)**

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

42. During her employment with Defendants, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

43. During Plaintiff's employment with Defendants, Defendants were employers within the meaning of N.Y. Lab. Law § 650(6).

44. Defendants failed to pay Plaintiff overtime wages of not less than one and one-half times her regularly hour rate for each hour she worked in excess of forty hours in a workweek in violation of the N.Y. Lab. Law, Article 19, §650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2.

45. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants overtime wages of not less than one and one-half times her regular hourly rate for each hour worked in excess of forty (40) hours in a workweek, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(New York Labor Law §§ 195(1) & (3) -**

7

**Failure to Provide Wage Statements and Wage Notice Brought by Plaintiff of Behalf of Herself)**

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

47. Defendants have willfully failed to supply Plaintiff with the notices required by NYLL § 195(1) containing Plaintiff's rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

48. Defendants have also willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

49. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants $250.00 for each workday that the violations § 195(3) occurred or a maximum of $5,000, as provided for by NYLL § 198(1-b), and $50 dollars for each workday that the violations of § 195(1)

occurred or a maximum of $5,000.00, as provided for by NYLL § 198(1-b), as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Designation of Plaintiff as Representative of the FLSA Collective Action Members;

(c) An award of damages, according to proof, to Plaintiff and the FLSA Collective Action Members including FLSA liquidated damages, and interest, to be paid by Defendants;

(d) An award of damages to Plaintiff for violations of the NYLL, including statutory NYLL liquidated damages;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself and the FLSA Collective Action Members, demands a trial by jury on all causes of action and claims with respect to which she has a right to a jury trial.

Dated: May 10, 2017

Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite #10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorney for Plaintiff & the FLSA Collective Action Members*

# EXHIBIT "A"

I am a current or former employee of Pino Grocery Corp and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 22 day of april , 2017.

_____
Signature

_____
Full Legal Name (print)